UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

AMIARA PHILLIPS,

                        Plaintiff,

v.                                           5:18-CV-29 (LEK/ATB)

DAVID PROUD, et al.,

                        Defendants.

AMIARA PHILLIPS, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

On January 9, 2018, the Clerk sent this case, together with plaintiff's application to proceed in forma pauperis ("IFP") to me for my initial review pursuant to 28 U.S.C. § 1915. (Dkt. Nos. 1, 4). On January 16, 2018, after my initial review of the complaint, I found that plaintiff failed to state a claim in many respects. However, rather than recommending dismissal at that time, I issued an Order, granting plaintiff's IFP application for purposes of filing, and giving plaintiff the opportunity to amend her complaint if she chose to do so. (Dkt. No. 5).

I afforded plaintiff forty five (45) days to submit an amended complaint and referred plaintiff to the Northern District of New York Pro Se Assistance Attorney if she wished assistance in drafting an amended complaint. (Dkt. No. 5 at 14). I also noted that if plaintiff did not submit a proposed amended complaint or request an extension of time within which to do so, I would issue a Report-Recommendation based on the original filing. (*Id.*) The deadline for plaintiff to file her proposed amended complaint or request an extension of time to do so has now passed, and the original

complaint has been returned to me for further action.

## I.     IFP Application

In my January 16, 2018 Order, I found that plaintiff was financially eligible for IFP status, and granted her motion for purposes of filing. I also noted that, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II.  Complaint

For clarity, I will repeat the facts as I stated in my January 16, 2018 Order. Plaintiff alleges that on July 21, 2015, she and her boyfriend, Jonathan Cooper, left her parents' home in plaintiff's car, so that Mr. Cooper could drop Ms. Phillips off at work. (Compl. at CM/ECF p.4).[1] Plaintiff states that after Mr. Cooper dropped her off at work, he continued on to his drug treatment program at "410 Crouse." (*Id.*) Plaintiff later learned that she and Mr. Cooper were followed by the "Syracuse Police Department," pursuant to the order of the New York State Department of Parole. (*Id.*) Plaintiff states that she also learned that Mr. Cooper had been stopped, and that her car was searched by the "SPD."[2] (*Id.*) Plaintiff alleges that the basis for the search of the car was the officer's belief that "a jar of stretch mark removal cream" that was in her car "appeared to be cocaine." Plaintiff states that defendant Officer Fura "still put it in

---

[1] Plaintiff has filed a form-complaint for cases brought pursuant to 42 U.S.C. § 1983. However, she has added typewritten pages that are unnumbered. The court will cite to the pages of the complaint as assigned by the court's electronic filing system (CM/ECF).

[2] In her complaint, plaintiff refers to "exhibits." However, there are no exhibits attached to the complaint. (Dkt. No. 1). It appears that plaintiff could be citing to exhibits that are attached to her father's complaint in 5:16-CV-1140. (Dkt. No. 1-1 in 16-CV-1140) (Exhibits 1-4).

3

the search warrant application," even after it was determined that the substance was not cocaine. (*Id.*) (citing "exhibit 4"). Plaintiff states that she learned that Mr. Cooper was detained, handcuffed, and transported back to her parents' house "that was being occupied by NYS Parole, US Marshalls [sic], Special Investigation Division (Narcotics), gang violence task force, and Onondaga County Sheriffs [sic] Department" as the result of a "multiagency [sic] impact detail or G.I.V.E. detail." (*Id.*)

Plaintiff states that she left work because she received numerous telephone calls from friends and family informing her that her parents' home was being "raided." Plaintiff claims that when she arrived at her parents' home, there were multiple police cars and officers "occupying" the home, and she was not allowed to enter, so she had to stand across the street with approximately thirty other spectators for "over" six hours while the officers obtained a search warrant for her parents' home. Plaintiff states that during that time, she was informed by a "John Doe" officer that she was not going to be arrested. Plaintiff states that when the officers were finished searching the home, and they were escorting the occupants of the home to the "transport van," the John Doe officer told plaintiff that she could "go say bye to [her] family," but as she was walking toward her family, the John Doe officer grabbed her from behind and arrested her too. (*Id.*)

Plaintiff claims that when they arrived at the Onondaga County Justice Center, defendant Proud told her that if she gave him incriminating information about her family, she would not be arrested. Plaintiff told defendant Proud that she did not know anything. Later, defendant Proud stated that heroin was found in the police escort van,

4

and if no one "owned up to it," they would all be charged. Plaintiff states that she was then "entered into the system and ultimately spent the night in jail." (Compl. at 5). Plaintiff states that eventually, "all the charges" were dismissed because then-Assistant District Attorney Michael Ferrante did not "want to proceed to the suppression hearing because he knew he would be unsuccessful." (*Id.*) Plaintiff states that instead of "closing" the case in a "timely" manner, defendant Ferrante "chose to let the speedy trial clock run out in its entirety. Plaintiff claims that during "this time," defendant Ferrante caused plaintiff's family "extreme duress," and plaintiff was forced to defer medical school for an entire year. She had to inform "Student Affairs" at Upstate Medical University, and University officials later saw a "humiliating" article that was written about the incident. (*Id.*)

Plaintiff claims that, during that time, she had to struggle to make ends meet until the case was finally dismissed because she could not be hired "until [she] passed a background check." Plaintiff states that this was the most difficult and embarrassing time in her life.

The complaint contains three causes of action: (1) violation of plaintiff's Fourth Amendment rights to be free from "unreasonable stops, searches, and seizures;" (2) violation of plaintiff's Fifth and Fourteenth Amendment rights when "defendants" intentionally planted and manufactured evidence "to . . . violate plaintiff's due process and equal protection . . . rights;" and (3) violation of plaintiff's Sixth Amendment right to be free from malicious prosecution and from manipulation of the law to "pressure

and intimidate the plaintiff."[3] (Compl. at 6).  Plaintiff seeks substantial monetary relief. (Compl. at 7).

## III. Syracuse Police Department

### A. Legal Standards

Departments that are merely administrative arms of a municipality do not have a legal identity separate from the municipality and may not sue or be sued. *Rose v. County of Nassau*, 904 F. Supp. 2d 244, 247 (E.D.N.Y. Nov. 9, 2012) (citing *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y.2002) (dismissing claim against the police department); *Umhey v. County of Orange*, 957 F. Supp. 525, 530–31 (S.D.N.Y. 1997) (dismissing case against the County Board of Ethics). Therefore, claims asserted under 42 U.S.C. § 1983 will be dismissed against an administrative department or sub-division of a municipality or county. *Id. See also Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999) (because the county sheriff's office was an administrative arm of the county, it was not the appropriate party in a section 1983 action)).

### B. Application

Plaintiff named many of the same defendants as are named in *Clifton Phillips, Sr. v. Proud*, 5:16-CV-1140, and all the same defendants which are named in *Cooper v.*

---

[3] The court notes that plaintiff's three causes of action are virtually identical to the three causes of action asserted by Jonathan Cooper in 5:18-CV-28.  Plaintiff Cooper's third cause of action contains a sentence stating that defendants intentionally prosecuted the plaintiff for crimes that "he" did not commit.  However it is clear that plaintiff erased the "s" in front of "she," which appears in Ms. Phillips's complaint. Amiara Phillips's causes of action are also substantially similar to those in her father's action, 5:16-CV-1140.

*Proud*, 5:18-CV-28, including the Syracuse Police Department.[4]  As I stated in my Order and Report Recommendation in 16-CV-1140, the Syracuse Police Department may not be sued under any circumstances under section 1983.  Naming the City of Syracuse is sufficient, and plaintiff has named the City of Syracuse as a defendant.  Plaintiff does not need to, and may not, sue the Police "Department."  Thus, the court will recommend dismissal with prejudice as against the "Syracuse Police Department."

In addition, in my January 16, 2018 Order, I stated that if plaintiff wished to state a claim for municipal liability against defendant City of Syracuse, she must make the proper allegations.  Notwithstanding the liberality with which pro se complaints are treated,[5] plaintiff made no allegations in her original complaint that could be "liberally" interpreted as alleging municipal liability.[6]  Because plaintiff has failed to file an amended complaint to correct the deficiencies of her original complaint, as directed by

---

[4] Plaintiff sues one "John Doe," the individual officer who arrested her at her parents' home.

[5] *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

[6] A municipality may only be named as a defendant in certain circumstances.  In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983.  A municipality may not be held liable solely because it employs a tortfeasor. *LaVertu v. Town of Huntington*, No. 13-CV-4378, 2014 WL 2475566, at *3 (E.D.N.Y. Apr. 4, 2014) (citing inter alia *Los Angeles County, Cal. v. Humphries*, __ U.S. __, 131 S. Ct. 447, 452 (2010)), (Rep.-Rec*.), adopted in relevant part*, 2014 WL 2506217 (E.D.N.Y. June 2, 2014).  Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury.  *Monell*, 436 U.S. at 694.
   To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation.  *Id*.; *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979).  Official policy includes the decisions of a government's lawmakers, the acts of policymaking officials, and practices that are so widespread as to "practically have the force of law."  *Connick v. Thompson*, 563 U.S. 51, 61 (2011).  Municipal liability may also be shown by establishing that a policymaking official ordered or ratified the employees' actions either expressly or tacitly.  Finally, municipal liability can, under certain circumstances, be based upon a failure to properly train the municipality's employees. *See City of Canton v. Harris*, 489 U.S. 378, 387-90 (1989).

this court, I must recommend dismissal as against the City of Syracuse.

## IV. Prosecutorial Immunity

### A. Legal Standards

Prosecutors are afforded absolute immunity from suit under section 1983 in matters associated with their prosecutorial functions, regardless of motivation. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the grand jury). The initiation and pursuit of prosecution, regardless of any alleged illegality, is protected by absolute prosecutorial immunity. *Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006). It has also been held that a prosecutor is entitled to absolute immunity for his or her decision not to prosecute, regardless of the motivation for that decision. *Scloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989).

Absolute immunity is defeated only when the prosecutor is engaging in investigative functions. *Bernard v. County of Suffolk*, 356 F.3d at 502-503 (citation omitted). Absolute immunity has not been extended to situations in which the prosecutor gives legal advice to the police. *Burns v. Reed*, 500 U.S. 478, 492-93 (1991) (citations omitted). *See Brown v. Oneida County*, No. 6:15-CV-849, 2016 WL 4275727, at *10 (N.D.N.Y. Aug. 12, 2016) (denying absolute immunity when precise actions of the prosecutor were unknown). In these situations, the prosecutor would be

entitled only to qualified immunity.

### B. Application

Plaintiff names former Assistant District Attorney Michael Ferrante. Plaintiff claims that "all" the charges were dismissed because defendant Ferrante did not want to proceed to a suppression hearing because he knew he would lose. In addition, plaintiff claims that defendant Ferrante did not dismiss the charges in a timely manner, rather, he let the speedy trial clock run. These are all actions which relate to the criminal prosecution itself, and therefore would not defeat prosecutorial immunity, regardless of defendant Ferrante's motivation or the resulting damage to plaintiff's reputation. Thus, in this case, plaintiff has not stated a claim against defendant Ferrante, even though the court allowed a claim against defendant Ferrante to proceed in 11-CV-1140, for reasons stated in my Order and Report-Recommendation in that case. This court must, therefore, recommend dismissal with prejudice as to defendant Ferrante.

## V. Personal Involvement

### A. Legal Standards

Personal involvement is required for the assessment of damages in a section 1983 action, and respondeat superior is an inappropriate theory of liability. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003).

### B. Application

Plaintiff sued several of the defendants that were named in 16-CV-1140.

However, plaintiff mentions only defendants Proud, Ferrante,[7] and Fura[8] by name in the fact section of her complaint.  Defendant Fura allegedly lied in the application to search plaintiff's parents' home.  Plaintiff does not allege that the home belonged to her or that defendant Fura was involved in the search of her car.  None of the other defendants, except defendant Proud, are alleged to have had any interaction with plaintiff, and plaintiff makes no allegations in her complaint against defendants Braun, Staub, or Rigby.[9]

In my January 16, 2018 Order, I advised plaintiff that she could not list a variety of defendants without stating how each of them violated her constitutional rights.  I gave plaintiff an opportunity to amend her complaint to specify how **named officers** violated **her** constitutional rights, not the rights of any other person.  The court notes that, based on the exhibits that plaintiff's father filed in his case, defendants Braun and Staub may have been involved in the search of plaintiff's car.  However, as stated above these exhibits are not attached to this complaint, and plaintiff declined to attach them even after this court gave her the opportunity to do so.

---

[7] As discussed above, the court is already recommending dismissal with prejudice as against defendant Ferrante.

[8] Although plaintiff alleges that defendant Fura lied on the search warrant application, it is not clear whether he was personally involved in any alleged constitutional violation against plaintiff.  It does not appear that defendant Fura was involved in the search of plaintiff's car.

[9] Not only does plaintiff fail to make any claims against defendant Rigby, but she has listed the defendant incorrectly. (Compl. at 2).  Defendant Rigby is a Senior Parole Officer, not a Police Officer as plaintiff states in her list of defendants.  Defendant Rigby is not employed by the City of Syracuse.  *See* 5:16-CV-1140.  In 5:16-CV-1140, Defendant Rigby is listed as a Senior Parole Officer and is represented by the Attorney General of the State of New York.  It appears that defendant Rigby was the senior parole office supervising plaintiff's father, Clifton Phillips.

Because plaintiff has failed to amend her complaint as directed, and failed to attach exhibits that she refers to in this complaint, this court must recommend dismissal as to defendants Fura, Braun, Staub, and Rigby in the absence of any allegations that would establish their personal involvement in a violation of this plaintiff's constitutional rights.

## VI. Causes of Action

### A. First Cause of Action

Plaintiff's first cause of action alleges that the defendants violated her right to be free from unreasonable stops, searches, and seizures. Read liberally, plaintiff may state a claim for illegal search of her car[10] and false arrest by a John Doe defendant and/or defendant Proud, who plaintiff alleges threatened her with arrest at the police station and may have had her arrested, along with the other people in the van, for the heroin that was found in the transport van when no one would admit possessing it.

Plaintiff was not present at the time of the stop of Mr. Cooper and search of plaintiff's car in conjunction with that stop. Plaintiff's boyfriend was driving the vehicle, and plaintiff states that she was "dropped off" at work prior to the stop/search occurring. Because plaintiff was not present at the time of the incident, and she had relinquished control of the car, she has no standing to assert a general Fourth Amendment interest in the car when she allowed Mr. Cooper to use it. *See Levy v. Kick*, No. 3:06-CV-390, 2007 WL 2492036, at *5 (D. Conn. Aug. 30, 2007). Thus, plaintiff

---

[10] Plaintiff is reminded, as discussed in footnote 17 below, that she has referred to exhibits indicating that Mr. Cooper consented to the search in question. Hence, it is not clear the basis for plaintiff's suggestion that the search of her car was illegal.

11

Phillips may not assert a Fourth Amendment claim relative to the search of her car against any of the defendants, and such claim may be dismissed with prejudice.

Plaintiff's claims of false arrest against "John Doe" and defendant Proud are personal to her and may proceed. At this time, plaintiff's claim of false arrest outside of her home may proceed against "John Doe," and her arrest at the Police Station may proceed as against defendant Proud. However, the Marshal cannot serve "John Doe" defendants. If she wishes the case to proceed as against the officer who "arrested" plaintiff at her home, she must attempt to identify the "John Doe" so the complaint may also be served upon him. When the complaint is served against defendant Proud, and a defense attorney has appeared, the plaintiff may engage in discovery to determine the identity of the other officer who was allegedly involved in plaintiff's arrest.[11]

### B. Second Cause of Action

Plaintiff's second cause of action alleges that her Fifth and Fourteenth Amendment rights were violated when "the defendants" intentionally "planted and manufactured evidence" to violate plaintiff's due process and equal protection rights. Plaintiff does not explain why she is making this claim or why she believes that evidence was planted or manufactured.[12] To the extent that plaintiff is asserting that the drugs in the transport van were "planted," and this resulted in her prosecution, these

---

[11] By allowing these claims to go forward, this court is not making any finding regarding the merits of such claims and whether the claims would survive a properly supported motion to dismiss or for summary judgment.

[12] Plaintiff has clearly copied the causes of action listed in 5:16-CV-1140, but has failed to substantiate these allegations with any facts that relate to this plaintiff. (Dkt. No. 1 in 16-CV-1140). Hence, it is impossible to determine what "manufactured" evidence Ms. Phillips is referring to.

facts may be related to a malicious prosecution claim against defendant Proud, which is discussed below.

The Equal Protection Clause of the Fourteenth Amendment requires that the government treat all similarly situated people alike. *Nicholas v. Tucker*, 114 F.3d 17, 20 (2d Cir. 1997). Thus, in order to state an equal protection violation, plaintiff would have to allege that she was treated differently than other specific individuals[13] who were similarly situated. Plaintiff has not done so in this case, and the court will recommend dismissing any Equal Protection claim.

### C. Third Cause of Action

Finally, plaintiff's third cause of action alleges malicious prosecution. Although plaintiff claims that the charges were ultimately "dismissed," one of the elements of malicious prosecution is that the defendant acted with a lack of probable cause. *Cornelio v. State of Conn.*, 708 F. App'x 41, 42-43 (2d Cir. 2018) (citing *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) ("[P]robable cause is a complete defense to a constitutional claim of malicious prosecution.")).

As I stated in my January 16, 2018 Order, it is unclear what charges were brought against this plaintiff, and upon what plaintiff bases her claim of malicious prosecution. Plaintiff cannot make the claim against defendant Ferrante because he has absolute immunity. Plaintiff seems to be referring to the prosecution for the heroin found in the transport van in which she, her father, Mr. Cooper, and other individuals were all

---

[13] Once again, in order to state a claim, plaintiff would have to specify how she was treated differently than other specific individuals. She may not simply make the conclusory statement that defendants treated her differently.

riding.[14]  I gave plaintiff the opportunity to specify against which defendant she is bringing the claim of malicious prosecution and to what charges she is referring. Plaintiff did not amend her complaint or clarify those facts.  Thus, this court will recommend dismissal of plaintiff's malicious prosecution claim.

### VII.  Opportunity to Amend

#### A.  Legal Standards

Generally, before the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

#### B.  Application

As discussed above, certain of plaintiff's claims–against the Syracuse Police Department and defendant Ferrante, as well as any claims relating to the search of plaintiff's vehicle–are futile and should be dismissed with prejudice.  The court recommends allowing plaintiff's false arrest claims to go forward against defendant Proud and, the John Doe defendant, if he can be identified and timely served.

Based on my analysis in January of 2018, I afforded plaintiff the opportunity to

---

[14] Plaintiff has not specified whether she believes that the heroin in the van was "planted" or "manufactured."  She ignored the opportunity provided by this court to amend her allegations to specify which defendant violated her constitutional rights and how that defendant violated those rights. In addition, plaintiff cannot assert the rights of other individuals. *See Keepers, Inc. v. City of Milford*, 807 F.3d 24, 40 (2d Cir. 2015) (normally, litigants are barred from asserting the rights or legal interests of others in order to obtain relief from injury to themselves) (citation omitted).

amend before I recommended dismissal of her other claims, which were not adequately pled in her original complaint. Plaintiff has neither amended her complaint, nor has she attached exhibits to which she refers throughout her complaint. Plaintiff has already been given an opportunity to correct the deficiencies in her original complaint. Hence, I am recommending dismissal with respect to plaintiff's remaining claims. If, in objections to this recommendation, the pro se plaintiff shows reasonable cause for not following this court's direction to file an amended complaint to address the deficiencies in her original pleading, the District Court may decide to allow plaintiff one more attempt to file the referenced exhibits and amend the complaint with respect to these other defendants/causes of action. Otherwise, this court recommends that the remaining claims should be dismissed with prejudice.

**WHEREFORE,** based on the findings above, it is

**RECOMMENDED**, that plaintiff's complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** as to defendant Syracuse Police Department and defendant Ferrante, and it is

**RECOMMENDED**, that any Fourth Amendment claim relating to the search of plaintiff's vehicle be **DISMISSED WITH PREJUDICE**, and it is

**RECOMMENDED**, that the plaintiff's complaint be **DISMISSED** with respect to defendants City of Syracuse, Braun, Staub, and Rigby, and it is

**RECOMMENDED**, that plaintiff's claim of malicious prosecution as against defendant Proud, be **DISMISSED**, and it is

**RECOMMENDED**, that the case proceed as to plaintiff's claims of false arrest

against defendant Proud and the John Doe defendant, if he can be identified and timely served, and it is

**ORDERED**, that the issuance of summons and service of the summons and complaint be **STAYED** until the District Judge's order regarding this Report-Recommendation, and it is

**RECOMMENDED**, that after Judge Kahn issues his order regarding this Order and Report-Recommendation, the case be referred to me for further proceedings, including the ordering of service on the appropriate defendant(s).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: March 14, 2018

Hon. Andrew T. Baxter
U.S. Magistrate Judge