UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

AMIARA PHILLIPS,

         Plaintiff,

 -against-           5:18-CV-29 (LEK/ATB)

SYRACUSE POLICE DEPARTMENT, *et al.*,

         Defendants.

## DECISION AND ORDER

**I. INTRODUCTION**

Presently before the Court is David Proud's and John Doe's ("Defendants'") motion to dismiss Plaintiff Amiara Phillips's 42 U.S.C. § 1983 action made pursuant to Fed R. Civ. P. 41(b) and 37(b)(2) for failure to prosecute, Dkt. Nos. 24 ("Motion to Dismiss"); 24-2 ("Defendants' Memorandum"). For the reasons set forth below, the Court grants Defendants' Motion to Dismiss and dismisses the action without prejudice.

**II. PROCEDURAL HISTORY**

Plaintiff commenced this action on January 5, 2018. Dkt. No. 1 ("Complaint"). On January 16, 2018, United States Magistrate Judge Andrew T. Baxter granted Plaintiff's Motion for Leave to proceed in forma pauperis ("IFP"), but identified deficiencies in most of her claims. Dkt. No. 5 ("January 2018 Order"). The Magistrate Judge granted plaintiff 45 days to amend her Complaint. Id. Plaintiff failed to amend her Complaint, and the Magistrate Judge issued a report-recommendation. Dkt. No. 7 ("Report-Recommendation"). This Court approved and adopted the Report-Recommendation in its entirety and ordered: (1) dismissal with prejudice of Plaintiff's claims against the Syracuse Police Department and Michael Ferrante; (2) dismissal without

prejudice of Plaintiff's claims against the City of Syracuse, Erich Braun, Detective Staub, and Paul Rigby; (3) dismissal with prejudice of Plaintiff's Fourth Amendment claim relating to the search of Plaintiff's vehicle; (4) dismissal without prejudice of Plaintiff's claim of malicious prosecution; (5) that the case proceed as to Plaintiff's claims of false arrest against David Proud and John Doe, if the latter can be identified and timely served; and (6) that the case be referred to Judge Baxter for further proceedings, including the ordering of service on the appropriate defendant(s). Dkt. No. 8 ("June 2018 Order").

On July 2, 2018, a summons was served upon Proud, Dkt. No. 10, and on August 30, 2018, Defendants served an answer to Plaintiff's Complaint, Dkt. Nos. 15 ("Answer"); 16 ("August 30, 2018 Certificate of Service").

On September 26, 2018, Magistrate Judge Baxter rescheduled a telephonic Rule 16 conference to Octoer 17, 2018 at 2:00 PM and ordered Plaintiff and Defendants to jointly file a Civil Case Management Plan pusuant to Fed. R. Civ. P. 26(f) and exchange Mandatory Disclosures pursant to Fed. R. Civ. P. 26(a). Dkt. No. 17 ("September 2018 Text Order"). On October 10, 2018, Defendants served a Civil Case Management Plan and Mandatory Disclosures upon Plaintiff and filed that Plan with the Court. Dkt. Nos. 18 ("Civil Case Management Plan"); 19 ("October 10, 2018 Certificate of Service"). Plaintiff did not confer with defense counsel in the preparation of a joint Civil Case Management Plan pursuant to the September 2018 Text Order. Dkt. No. 24-1 at 2 ("November 16, 2018 DeJoseph Decl."). As of November 16, 2018, Defendants have not received Plaintiff's Mandatory Disclosures. Id. at 3.

Plaintiff failed to appear at the October 17, 2018 Rule 16 telephonic conference. October 17, 2018 CM/ECF Text Minute Entry. The Court rescheduled the conference for November 1,

2018 at 11:00 AM and warned Plaintiff that if she "fail[ed] to call into the 11/1/2018 conference, the court will grant defendants leave to file a motion to dismiss." Id.[1] The Court then issued an order encapsulating the October 27, 2018 CM/ECF Text Minute Entry and further warned Plaintiff that "**FAILURE TO COMPLY WITH THIS ORDER OR TO PARTICIPATE IN THE TELEPHONE CONFERENCE AS DIRECTED MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION.**" Dkt. No. 20 ("October 17, 2018 Text Order") (emphasis in original).[2] Plaintiff did not appear at the November 1, 2018 Rule 16 telephonic conference and the Court authorized defense counsel to file a motion for sanctions or a motion to dissmiss for failure to prosecute. November 1, 2018 CM/ECF Text Minute Entry.[3] On November 16, 2018, Defendants filed their Motion to Dismiss.

### III. LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides a court with discretion to dismiss an action for a plaintiff's failure to prosecute his or her case. Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962). "The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629–30; see also Freeman v.

---

[1] The Court served a copy of the October 17, 2018 CM/ECF Text Minute Entry upon Plaintiff that same day via regular mail. Id.

[2] The Court served a copy of the October 17, 2018 Text Order upon Plaintiff that same day via regular mail. Id.

[3] The Court served a copy of the November 1, 2018 CM/ECF Text Minute Entry upon Plaintiff that same day via regular mail, id., but it was returned as undeliverable, Dkt. No. 23.

Lundrigan, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) ("This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases.").

Courts in this circuit consider five factors when determining whether to dismiss a case pursuant to Rule 41(b), which are:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014). Generally, no one factor is dispositive. Id.

### IV. DISCUSSION

Regarding the first factor, Local Rule 41.2(a) states, "[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). Plaintiff has failed to take any action in this case—despite the Court ordering the Plaintiff to do so—since Plaintiff acknowledged receipt of the Pro Se Handbook and Notice nearly 18 months ago on January 17, 2018. Dkt. No. 6. Hence, the Court concludes that the first factor weighs in favor of dismissal.

As to the second factor, "[t]he Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction." Folk v. Rademacher, No. 00-CV-199, 2005 WL 2205816, at *4 (W.D.N.Y. Sept. 9, 2005) (citing Martens v. Thomann, 273 F.3d 159, 180–81 (2d Cir. 2001)). As discussed above, the Court warned Plaintiff on multiple occasions

4

that failure to comply with the Court's orders or the Local Rules could result in dismissal of Plaintiff's action. See October 17, 2018 CM/ECF Text Minute Entry; October 17, 2018 Text Order.[4] "The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met." Nolan v. Primagency, Inc., No. 7-CV-134, 2008 WL1758644, at *3 (S.D.N.Y. Apr. 16, 2008) (citing Shannon v. Gen. Elec. Co., 186 F.3d 186, 194-95 (2d Cir. 1999)); see also Europacific Asset Mgmt. Corp. v. Tradescape, Corp., 233 F.R.D. 344, 353 (S.D.N.Y. 2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal."). In sum, the second factor also weighs in favor of dismissal.

As to the third factor, "applicable case law establishes a presumption that a plaintiff's unreasonable delay may prejudice the defendant." English v. Azcazubi, No. 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) (citing Shannon, 186 F.3d at 195 (2d Cir. 1999)). The passage of over 18 months since Plaintiff filed her Complaint in January 2018 may "cause[ ] memories to fade, evidence to become stale or lost, and in these and other ways, prejudices defendants." See id.; see also Baron v. West, No. 13-CV-153, 2016 WL 7395786, at *3 (N.D.N.Y. Nov. 23, 2016), report and recommendation adopted by, No. 13-CV-153, 2016 WL

---

[4] By acknowledging receipt of the Pro Se Handbook and Notice, Plaintiff was on notice that failing to immediately notify the Court of any change of address "may result in the involuntary dismissal of [her] case for failure to prosecute." Dkt. No. 3 ("Pro Se Handbook and Notice") at 2 (citing Fed. R. Civ. P. 41(b); N.D.N.Y.L.R. 10.1(b)(2), 41.2(b)). "[T]he demand that a plaintiff provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." Edwards v. Stevens, No. 11-CV-7329, 2012 WL 3597663, at *2 (S.D.N.Y. Aug. 22, 2012) (internal quotation marks and citations omitted).

7388405 (N.D.N.Y. Dec. 21, 2016) ("It is plausible that memories of the events in question have faded, relevant documents have been discarded, and potential witnesses have become unavailable."). The events giving rise to Plaintiff's claims occurred in July 2015. Compl. at 4–5. As noted, this action commenced over 18 months ago and Defendants filed their answer nearly one year ago. The parties have yet to conduct discovery. Further delay may very well affect each party's ability to track down witnesses and to preserve evidence. See Baron, 2016 WL 7395786, at *3. In sum, the third factor also weighs in favor of dismissal.

Regarding the fourth factor, the Court finds that "this dormant case has remained on the Court's docket for more than a year, and there is no indication that [P]laintiff intends to move it forward." See English, 2015 WL 1298654, at *2. Consequently, as this Court has previously observed, "Under the circumstances, the Court finds that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case. It is the need to monitor and manage cases such as this that delay the resolution of other cases and contribute to the Second Circuit's relatively long median time to disposition for such civil rights cases." Inegbenebo v. Snyder, No. 15-CV-1217, 2016 WL 6902139, at *3 (N.D.N.Y. Oct. 21, 2016), report and recommendation adopted by, No. 15-CV-1217, 2016 WL 6902158 (N.D.N.Y. Nov. 23, 2016). In sum, the fourth factor also weighs in favor of dismissal.

Regarding the fifth and final factor, the Court finds that "no lesser sanction than dismissal is likely to be effective given [P]laintiff's failure to respond to the Court's Order[s] explicitly listing failure to respond as a potential ground for dismissal." See English, 2015 WL 1298654, at *2; October 17, 2018 CM/ECF Text Minute Entry; October 17, 2018 Text Order. Therefore, the fifth factor also weighs in favor of dismissal.

## V. CONCLUSION

Having considered the factors relevant for dismissing a case under Rule 41(b) of the Federal Rules of Civil Procedure, the Court dismisses this action for failure to prosecute.[5]

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to Dismiss Plaintiff's Complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) (Dkt. No 24) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: July 30, 2019
Albany, New York

_(signature)_
Lawrence E. Kahn
U.S. District Judge

---

[5] The Court acknowledges that Defendants have moved, in the alternative, to dismiss this action pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. Defs.' Mem. at 7–8. Because the Court has dismissed this case under Rule 41(b), the Court does not need to determine whether this action may also be dismissed under Rule 37(b)(2).